UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IDENTIRX, LLC,

    Plaintiff,

v.                                                                                  Case No.: 2:25-cv-480-SPC-DNF

PHARMACEUTCIAL PROJECT
SOLUTIONS, INC. and
MELISSA L. GOODHEAD,

    Defendants.
    /

## OPINION AND ORDER

Before the Court is Defendants' Pharmaceutical Project Solutions, Inc. ("PPSI") and Melissa Goodhead's ("Goodhead") motion to dismiss. (Doc. 27). Plaintiff IdentiRx LLC responded. (Doc. 29). For the reasons below, the Court denies the motion.

### Background

This is a case about the business of pharmaceutical products. Plaintiff is a limited liability company that develops pharmaceutical drugs.[1] (Doc. 22 ¶ 13). In October 2020, Plaintiff and PPSI executed an agreement under which PPSI would act as Plaintiff's "Regulatory Agent" ("Consulting Agreement").

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

(*Id.* ¶ 14; Doc. 22-1 at 2). Under the Consulting Agreement, PPSI promised to provide consulting services to help Plaintiff apply for and obtain approval of pharmaceutical drugs from the U.S. Food and Drug Administration ("FDA"). (Doc. 22 ¶ 15). PPSI provided services under the Consulting Agreement primarily through its employee Goodhead, although other employees provided services as well. (*Id.* ¶¶ 20–21). Goodhead signed the Consulting Agreement on PPSI's behalf. (Doc. 22-1 at 2).

Two pharmaceutical drug products developed by Plaintiff are of concern here: (1) the Dorzolamide Hydrochloride and Timolol Maleate Ophthalmic Solution USP, 2%/0.5% ("Dorzolamide Product"); and (2) the Tavaborole 5% Topical Solution ("Tavaborole Product," and collectively with the Dorzolamide Product, the "IdentiRx Products"). (Doc. 22 ¶ 15).

According to Plaintiff, PPSI and Goodhead provided inadequate services and failed to meet their obligations under the Consulting Agreement. This inadequacy manifested in two specific instances. First, in 2021, PPSI and Goodhead "repeatedly and wrongly advised [Plaintiff] that it could and would avoid paying an expensive fee assessed by the US Food and Drug Administration ("FDA") – in the amount of $153,686.00 . . . by taking the action of 'discontinuing' the Tavaborole Product by October 1, 2021." (*Id.* ¶ 23). That advice turned out to be wrong, and Plaintiff incurred the fee. (*Id.* ¶¶ 25–27).

The second instance pertained to PPSI and Goodhead's efforts to prepare and file an Abbreviated New Drug Application ("ANDA") for the Dorzolamide Product in April 2022. (*Id.* ¶¶ 25–27). The ANDA that PPSI and Goodhead prepared was rejected by the FDA. (*Id.* ¶ 33). What is more, the FDA sent Plaintiff a "Refuse-to-Receive" or "RTR" letter on June 22, 2022 detailing the errors contained in the ANDA application. (Doc. 22-2). In response to these instances, Plaintiff terminated its relationship with PPSI in July 2022. (Doc. 22 ¶ 34). Plaintiff sought a new regulatory agent, who helped fix the errors within the ANDA and refile it. (*Id.* ¶ 35). Plaintiff details several grounds for damages caused by PPSI and Goodhead's actions, most prominently the costs it incurred by listening to the advice provided and for replacing their services. (*Id.* ¶ 38). Plaintiff brings a claim for breach of contract against PPSI, and claims of negligent misrepresentation and negligence against Goodhead.

## Legal Standard

A district court should dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*,

550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *See Twombly*, 550 U.S. at 555. Allegations supported only by "mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. Dismissal for failure to state a claim is not proper if the factual allegations are "enough to raise a right to relief above the speculative level." *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

Defendants move to dismiss only the two claims against Goodhead. Defendants make three main arguments in support of the motion: (1) The claims against Goodhead are precluded based on the independent tort doctrine; (2) the claims are insufficient because Goodhead owed no duty of care to Plaintiff independent of the Consulting Agreement; and (3) Plaintiff's negligent misrepresentation count fails to state a claim against Goodhead. The Court takes the arguments in turn.

The Court finds first that the independent tort doctrine is inapplicable to the claims against Goodhead, and here's why. "Under Florida's independent tort doctrine, it is well settled that a plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims." *Yuken Corp. v. Gedcore LLC*, No. 22-20661-CIV, 2022 WL 3701233, at *3 (S.D. Fla. June 21,

4

2022) (citation omitted). "The contours of this doctrine are not entirely clear." *Spears v. SHK Consulting & Dev., Inc.*, 338 F. Supp. 3d 1272, 1279 (M.D. Fla. 2018) (Chappell, J.) (citing *Lamm v. State St. Bank and Tr.*, 749 F.3d 938, 947 (11th Cir. 2014)). That said, for the doctrine to apply, there must be "contractual privity between the parties." *Id.* at 1279 (citing *CEMEX Constr. Materials Fla., LLC v. Armstrong World Indus.*, No. 3:16-CV-186-J-34JRK, 2018 WL 905752, at *10 (M.D. Fla. Feb. 15, 2018)); *see also Indem. Ins. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532 (Fla. 2004).

Plaintiff argues that because Goodhead is a non-party to the Consulting Agreement, the independent tort doctrine is inapplicable. (Doc. 29 at 4). It is uncontested that Goodhead is not a party to the agreement (Doc. 27 at 6), but Defendants still contend the doctrine should apply. (*Id.*). In support of this argument, Defendants cite cases which state "where a tort claim against a company would be barred by the [independent tort doctrine] because it is based on the same conduct giving rise to the claim for breach, claims against the company's officers or employees based on the same conduct are likewise barred." *HW Aviation LLC v. Royal Sons, LLC*, 2008 WL 4327296, at *5 (M.D. Fla. Sept. 17, 2008); *see also, e.g.*, *Luigino's Int'l, Inc. v. Miller*, 311 F. App'x 289, 294 (11th Cir. 2009) ("We recognize that contractual privity may not be required when a tort action is barred against a corporation under the economic loss rule and its corporate employee is being sued for the same tortious

5

conduct."). This argument makes sense at first blush. *See Ben-Yishay v. Mastercraft Dev.*, LLC, 553 F. Supp. 2d 1360, 1371 (S.D. Fla. 2008) (applying independent tort doctrine to non-signatory employees to avoid "incongruous result that the [doctrine] would bar applicable tort claims against a corporation, but not against the directors or officers who negotiated the agreement").

But these cases were decided before more recent state court rulings, which have limited the independent tort doctrine to the parties to the contract and have found that non-party corporate officers may be found liable. *See, e.g.*, *Costa Invs., LLC v. Liberty Grande, LLC*, 353 So. 3d 627, 633–34 (Fla. Dist. Ct. App. 2022) (finding corporate officer could be held personally liable even though he was a non-party and signed agreement only on behalf of an LLC); *Un2jc Air 1, LLC v. Whittington*, 324 So. 3d 1, 3 (Fla. Dist. Ct. App. 2021) (finding the independent tort doctrine did not bar the plaintiff's claims). Moreover, recent cases discussing the proposition Defendants argue place reliance on Florida cases which have been overruled or limited by *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 110 So. 3d 399, 401 (Fla. 2013). *See Med-Stop, Inc. v. Vandutch, Inc.*, No. 23-CV-21875, 2025 WL 26731, at *5 (S.D. Fla. Jan. 3, 2025) (citing *Vesta Constr. & Design, LLC v. Lotspeich & Assocs., Inc.*, 974 So. 2d 1176, 1180 (Fla. Dist. Ct. App. 2008)).

What is more, under Florida law it does not matter that the claims against Goodhead could be barred by the independent tort doctrine if they were brought against PPSI. As the *Costa* court explained:

> a director or officer commits or participates in the commission of a tort, whether or not it is also by or for the corporation, he is liable to third persons injured thereby, and it does not matter what liability attaches to the corporation for the tort. A contrary rule would enable a director or officer of a corporation to perpetrate flagrant injuries and escape liability behind the shield of his representative character, even though the corporation might be insolvent or irresponsible.

353 So. 3d at 633 (quoting *Home Loan Corp. v. Aza*, 930 So. 2d 814, 815–16 (Fla. Dist. Ct. App. 2006)).

For these reasons, Plaintiff has stated valid claims against Goodhead. Plaintiff alleges Goodhead's active participation in tortious activity. (*See, e.g.*, Doc. 22 ¶ 29 (noting Goodhead was "primarily responsible" for drafting and preparing the deficient ANDA application)). Plaintiff claims Goodhead "held [herself] out" to be a consultant, regulatory agent, and expert in applying for and obtaining FDA approval of pharmaceutical drug products. (Doc. 22 ¶ 14). Goodhead had primary responsibility and performed most of the actions for Plaintiff under the agreement. (Doc. 22 ¶ 20). Indeed, according to Plaintiff, Goodhead took the lead in drafting and preparing the ANDA application, communicating with Plaintiff, collecting and preparing materials, and filing the application on behalf of PPSI. (*Id.* ¶ 29). Goodhead provided advice to

7

Plaintiff that discontinuing the product would avoid a fee assessed by the FDA. (*Id.* ¶ 46). Thus, at the pleading stage, Plaintiff has properly alleged that Goodhead took actions which support the claims against her.

The Court turns now to the waiver issue. Federal Rule of Civil Procedure 12(g) provides that a defendant may not file a second motion to dismiss "raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2); *see also Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 227 (2009) ("Rule 12(g) specifically prohibits a party that has previously filed a motion to dismiss from filing a second pre-answer motion to dismiss raising an omitted defense that could have been presented in the first motion to dismiss . . . .").

Waiver may be found even when a plaintiff files an amended complaint. "[The] filing of an amended complaint d[oes] not revive Defendant's ability to file a motion to dismiss for failure to state a claim because this defense was available but omitted from its earlier motion." *Cooney v. Barry Sch. of Law*, No. 6:14-cv-106-Orl-22KRS, 2014 WL 12616979, at *3, (M.D. Fla. Oct. 30, 2014) (citations omitted); *see also Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("the failure to make arguments and cite authorities in support of an issue waives it."); *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (stating that "the filing of

an amended complaint does not automatically revive all defenses or objections that the defendant may have waived in response to the initial complaint.").

Defendants made three arguments in their first motion to dismiss: (1) Plaintiff's Complaint was a "shotgun pleading" (Doc. 17 at 4–5); (2) the independent tort doctrine precluded claims for negligent misrepresentation and negligence against Goodhead (*id.* at 5–7); and (3) the tort claims against Goodhead duplicated the allegations against PPSI (*id.* at 7–12).

Defendants did not waive their arguments related to duty of care and negligent misrepresentation. Defendants' original motion to dismiss noted the duty of care argument and cited one of the cases cited in the second motion to dismiss. (*Compare id.* at 12 *with* Doc. 27 at 10). Defendants' original motion to dismiss contended that the allegations of the negligent misrepresentation claim against Goodhead were duplicative of the allegations made against PPSI. (Doc. 17 at 13). While Defendants did not devote as much attention to those arguments or cite as many authorities, they raised them in the first motion to dismiss. So the Court rejects Plaintiff's waiver argument.

The Court now turns to the merits of the arguments Defendants preserved. Defendants first argue Plaintiff has not properly alleged Goodhead owed a duty of care to Plaintiff and thus the tort claims against her are barred. For the reasons below, the Court rejects this argument and finds the tort claims properly alleged that Goodhead had a duty of care.

9

An essential element of Plaintiff's claims against Goodhead is that she owed Plaintiff a duty of care. *See, e.g.*, *Jenkins v. W.L. Roberts, Inc.*, 851 So. 2d 781, 783 (Fla. Dist. Ct. App. 2003) ("The duty element of negligence is a threshold legal question; if no legal duty exists, then no action for negligence may lie."). A duty arises from: "(1) statutes or regulations; (2) common law interpretations of those statutes or regulations; (3) other sources in the common law; and (4) the general facts of the case." *Limones v. Sch. Dist. of Lee Cnty.*, 161 So. 3d 384, 389 (Fla. 2015) (citing *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 503 n.2 (Fla. 1992)).

"Individual officers and agents of a corporation are personally liable where they have committed a tort even if such acts are performed within the scope of their employment or as corporate officers or agents." *White-Wilson Med. Ctr. v. Dayta Consultants, Inc.*, 486 So. 2d 659, 661 (Fla. Dist. Ct. App. 1986). As the Florida Supreme Court has explained, "[w]henever one undertakes to provide a service to others, whether one does so gratuitously or by contract, the individual who undertakes to provide the service—*i.e.*, the 'undertaker'—thereby assumes a duty to act carefully and to not put others at an undue risk of harm." *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1186 (Fla. 2003). A person who undertakes to perform services can be subject to liability if (a) she fails to exercise reasonable care, which results in increased harm to the beneficiary, or (b) if the beneficiary relies on the undertaker and

10

is harmed by the result. *See Muchnick v. Goihman*, 245 So. 3d 978, 982 (Fla. Dist. Ct. App. 2018) (citing *Limones*, 161 So.3d at 388 n.3).

A duty arises in this case from the common law. Plaintiff's amended complaint properly alleges that, as a regulatory agent, Goodhead has a "duty of care to act as IdentiRx's regulatory agent in a competent and prudent manner and provide FDA regulatory consulting services with the level of knowledge, skill, and care used by competent and prudent regulatory agents in the community practicing before the FDA." (Doc. 22 ¶ 55).[2] Plaintiff also alleges Goodhead was actively and substantively involved in providing services to Plaintiff. Therefore, it cannot be said that Goodhead owes no duty to Plaintiff.

Finally, the Court considers Defendants' argument that Plaintiff did not plead a valid negligent misrepresentation claim. Defendant argues that the negligent misrepresentation claim is invalid because the allegations are duplicative of the breach of contract claim against PPSI. This argument fails as well. "To establish negligent misrepresentation, a party is required to prove: (1) a misrepresentation of material fact that the defendant believed to be true

---

[2] The Court does not dwell on Defendants' argument that because Goodhead is not a "professional" under Florida law, she owes no duty to Plaintiff. (Doc. 27 at 11). Whether or not Goodhead is a professional is irrelevant to the question of whether she owes a duty at all to Plaintiff because of the services she took on Plaintiff's behalf. The cases Defendants cite do not hold that where a person is not a "professional" they necessarily owe no duty to the persons they perform services for. *See, e.g.*, *Pierce v. AALL Ins. Inc.*, 531 So. 2d 84, 85–86 (Fla. 1988) (analyzing whether an insurance agent is a professional "for the purposes of the professional malpractice statute").

11

but which was in fact false; (2) that defendant should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely on the misrepresentation; and (4) the plaintiff acted in justifiable reliance upon the misrepresentation, resulting in injury." *Arlington Pebble Creek, LLC v. Campus Edge Condo. Ass'n*, 232 So. 3d 502, 505–06 (Fla. Dist. Ct. App. 2017).

Plaintiff alleges that Goodhead "falsely and incorrectly advised IdentiRx that 'discontinuing' such product would avoid incurring the GDUFA [fee]," and that Goodhead "falsely and incorrectly advised IdentiRx that the ANDA application for such product was in compliance with all FDA laws and regulations, was complete, was properly prepared, did not contain any errors, and was ready for submission to the FDA." (Doc. 22 ¶¶ 46–47). Plaintiff further alleges that "Goodhead intended to induce IdentiRx to accept and rely upon such advice, which IdentiRx in fact did, to its great detriment." (*Id.* ¶ 48). Through the above and surrounding allegations, Plaintiff states all the necessary facts to support a claim for negligent misrepresentation.

Defendants argue that the negligent misrepresentation claim is "in substance a claim for fraud" and thus the claim fails. (Doc. 27 at 13). This argument misses the mark. Contrary to Defendants' assertions, the weight of available caselaw shows that negligent misrepresentation and fraud are two different, if similar, causes of action. *Compare, e.g.*, *Hercules Cap., Inc. v. Gittleman*, No. 16-CV-81663, 2018 WL 395489, at *21 (S.D. Fla. Jan. 12, 2018)

(citing *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010)) (reciting the elements of fraudulent misrepresentation) *with McGee v. JP Morgan Chase Bank, NA*, 520 F. App'x 829, 831 (11th Cir. 2013) (quoting *Simon v. Celebration Co.*, 883 So. 2d 826, 832 (Fla. Dist. Ct. App. 2004)) (reciting the elements of negligent misrepresentation).[3]

Given that Defendants' arguments about the independent tort doctrine are incorrect, *see supra* at 4–8, Defendants' remaining arguments that the tort claims are insufficient as a matter of law are similarly unconvincing. (Doc. 27 at 13–14). Defendants do not cite sufficient authority to show that the negligent misrepresentation claim cannot be brought under these circumstances. *See Carl's Furniture, Inc. v. APJL Consulting, LLC*, No. 15-60023-CIV, 2015 WL 1467726, at *6 (S.D. Fla. Mar. 30, 2015) (rejecting argument about severability of the tort claims and stating "[Defendant] has failed to meet its burden of demonstrating there is no possibility Plaintiff can establish a cause of action"). So the Court does not find a basis to dismiss them at this time.

Accordingly, it is now

---

[3] While the elements of the two causes of action closely track each other, one relevant distinction between fraud and negligent misrepresentation is that the latter does not require proof that a defendant knew the statement they made to a plaintiff was false at the time they made it. *See Hercules Cap., Inc.*, 2018 WL 395489, at *21; *see also Allen v. Stephan Co.*, 784 So. 2d 456, 457 (Fla. Dist. Ct. App. 2000) (noting the distinct actions of "fraudulent inducement and negligent misrepresentation.") (citations omitted).

13

**ORDERED:**

Defendants' Motion to Dismiss (Doc. 27) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 24, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record